UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

HENRY HOLMES

    **Plaintiff,**

v.

WARDEN ORLANDO HARPER, et al.

    **Defendants**

No. 1:17-CV-01408

(Judge Rambo)

## MEMORANDUM

Currently before the Court is a civil action filed by pro se Plaintiff, Henry Holmes, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. No. 2.) For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

**I.    Background**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 by filing a complaint on August 9, 2017. (Doc. No. 1.) Although Plaintiff is no longer incarcerated, from the sparse allegations within his complaint, it is clear that in the past he was incarcerated at the Allegheny County Jail from August 29, 2014 to February 7, 2015. (Doc. No. 1 at 3.) The Defendants named in the complaint are Warden Orlando Harper of the Allegheny County Jail, District Attorney Kara

1

Marie Sidone of Allegheny County, Public Defender Jose Manuel Carvallo, Jr. of Allegheny County, and Pittsburgh Police Officer Michael P. Veith. (Id. at 1, 2, 3.) Plaintiff alleges that when he arrived from the state of California in March of 2014, the Megan's Law registration coordinator "failed to inform [him] on reporting change of address within 72 hours of moving." (Id. at 2, 3.) He alleges that he was arrested and unlawfully held in the Allegheny County Jail for six months. (Id. at 3.) Plaintiff seeks, among other things, to be paid for the six months he was in jail. (Id.)

## II. Discussion

The Court finds that venue is not proper in this district. 28 U.S.C. § 1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The allegations set forth in Plaintiff's complaint, and the Defendants named therein, concerns events that occurred in Allegheny County which is located in the Western District of Pennsylvania. Venue in this case is therefore proper in the

United States District Court for the Western District of Pennsylvania. Accordingly, this action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

**III. Conclusion**

For the foregoing reasons, this action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). An appropriate order follows.

 s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: October 2, 2017